570 F.2d 819
 Ernest TRIPLETT, Appellant,
v.
Dr. Azizollih AZORDEGAN, Individually and in his previous
official capacity as staff physician at the Cherokee Mental
Health Institute, Donald O'Brien, Individually and in his
previous official capacity as Woodbury County Attorney, and
Dr. Anthony Sainz, Individually and in his previous official
capacity as Assistant Superintendent of the Cherokee Mental
Health Institute, Appellees.
 No. 77-1176.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 15, 1977.
Decided Feb. 21, 1978.
 
 Robert D. Bartels, argued, John M. Thompson, Iowa City, Iowa, on brief, for appellant.
 Emmanuel S. Bikakis, Rhinehart, Bikakis & Vohs, Sioux City, Iowa, argued, Richard S. Rhinehart, David E. Vohs and Dewie J. Gaul, Sioux City, Iowa, on brief, for appellees.
 Richard C. Turner, Atty. Gen., Robert W. Goodwin, Spec. Asst. Atty. Gen., and Fred M. Haskins, Asst. Atty. Gen., Des Moines, Iowa, for amicus curiae.
 Before HEANEY, WEBSTER and HENLEY, Circuit Judges.
 HENLEY, Circuit Judge.
 
 
 1
 This is an appeal from a judgment and order of the United States District Court for the Northern District of Iowa[1] which made final the dismissal of the action brought by appellant Ernest Triplett against appellee Donald O'Brien pursuant to Fed.R.Civ.P. 54(b), following a prior ruling granting O'Brien's 12(c) motion for judgment on the pleadings. Jurisdiction of the district court was invoked under 28 U.S.C. §§ 1331 and 1343. This court has jurisdiction on appeal pursuant to 28 U.S.C. § 1291.
 
 
 2
 As originally filed, this appeal included five appellees, Sturges, Beebe, Azordegan, Sainz and O'Brien. Pursuant to a stipulation between the parties, this court has dismissed the appeal with regard to Sturges and Beebe. Pursuant to a motion by appellant this court has remanded that portion of the appeal which relates to Azordegan and Sainz to the district court for further proceedings. O'Brien is the only remaining appellee.
 
 
 3
 This civil action was commenced under 42 U.S.C. § 1983, alleging deprivation, under color of state law, of certain of appellant's rights guaranteed under the Constitution and laws of the United States. The allegations set out in the complaint against O'Brien may be summarized as follows.
 
 
 4
 On September 2, 1954 appellant was arrested in connection with the disappearance of Jimmy Bremmers. After a prior voluntary commitment, on or about October 5, 1954 appellant was involuntarily committed to Cherokee Mental Health Institute. On or about October 6, 1954 at the Cherokee Mental Health Institute appellant confessed to the murder of Jimmy Bremmers. This confession, which was tape recorded, was obtained after appellant had been given large doses of the drugs desoxyn and seconal. These drugs were administered by a staff physician at the Institute, Azizollih Azordegan, and others with the consent of Anthony Sainz, the Assistant Superintendent of the Institute. The confession was elicited through questioning by Azordegan and others.
 
 
 5
 In February, 1955, prior to the filing of formal charges against appellant, appellee O'Brien learned of the existence of the taped confession. O'Brien was informed by officials at the Cherokee Mental Health Institute that appellant's confession was obtained while he was under the influence of drugs. Shortly thereafter O'Brien obtained the tape recorded confession from the Cherokee Mental Health Institute by means of a court order. O'Brien at this time was the Woodbury County Prosecuting Attorney, having assumed that office on or about January 1, 1955. O'Brien was in charge of the Jimmy Bremmers murder case from January 1, 1955 until April 1, 1955.[2] On or about April 1, 1955 it was determined that the murder of Jimmy Bremmers had taken place in Plymouth County rather than Woodbury County, and responsibility for the prosecution of appellant was transferred to Sturges, the County Attorney for Plymouth County, and to Beebe, a Special Prosecuting Attorney.
 
 
 6
 In June, 1955 appellant was tried for the murder of Jimmy Bremmers in the District Court of Iowa, in and for Plymouth County. During the trial appellant's tape recorded confession was introduced into evidence and played for the jury by Sturges and Beebe, over appellant's objection that the confession had been drug induced. With the exception of the confession, appellant has consistently denied his guilt of the crime. The confession was crucial to appellant's subsequent conviction and incarceration in the Iowa State Penitentiary, where appellant remained for approximately seventeen years.
 
 
 7
 On November 3, 1971 appellant brought a federal habeas corpus action in the United States District Court for the Southern District of Iowa to obtain his release from the penitentiary. On July 28, 1972 the district court ruled that appellant's murder conviction was obtained in violation of the due process standards set out in Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), and ordered that a writ of habeas corpus subjiciendum should issue unless an evidentiary hearing was set in the Plymouth County District Court to determine the voluntariness of appellant's confession. A hearing was held in the Plymouth County Court and on October 17, 1972 that court ruled that appellant's confession was involuntarily given. On the same day the Plymouth County Attorney moved to dismiss all charges against appellant, stating that charges would not have been brought had the information concerning the confession been known. Appellant was ordered released from incarceration.
 
 
 8
 This civil suit ensued, alleging that appellee O'Brien obtained the taped confession from the Institute and concealed his knowledge of the facts surrounding appellant's 1954 confession during appellant's trial and for seventeen years thereafter in violation of appellant's civil rights.
 
 
 9
 The United States District Court dismissed the action against O'Brien on the ground that Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), barred prosecution of the action due to prosecutorial immunity.
 
 
 10
 Appellant asserts two grounds for reversal on appeal. First, appellant argues that O'Brien's acts prior to April 1, 1955 with regard to obtaining the confession from the Institute were investigative or administrative rather than prosecutorial, and thus were not entitled to absolute immunity. Second, appellant argues that O'Brien's concealment, at the time of trial and for seventeen years thereafter, of his knowledge of the facts surrounding appellant's confession constituted a continuing tort and since O'Brien was not in charge of prosecuting appellant during any of that time he should not be protected by the doctrine of prosecutorial immunity.
 
 
 11
 We find it unnecessary to address the issue of prosecutorial immunity in affirming the judgment and order of the district court.
 
 
 12
 To establish a claim under 42 U.S.C. § 1983 two elements must exist. First, the plaintiff must have suffered the deprivation of federally protected rights, privileges or immunities as the result of action taken. Chism v. Price, 457 F.2d 1037, 1039 (9th Cir. 1972); Orr v. Trinter, 444 F.2d 128, 133 (6th Cir.), cert. denied, 408 U.S. 943, 92 S.Ct. 2847, 33 L.Ed.2d 767 (1972), reh. denied, 409 U.S. 898, 93 S.Ct. 95, 34 L.Ed.2d 157 (1972); Beaumont v. Morgan, 427 F.2d 667, 670-71 (1st Cir.), cert. denied, 400 U.S. 882, 91 S.Ct. 120, 27 L.Ed.2d 121 (1970). Second, such deprivation must have been caused by a person acting under color of state law. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Azar v. Conley, 456 F.2d 1382, 1388 (6th Cir. 1972).
 
 
 13
 Viewing the allegations set out in the pleadings, as we must, in the light most favorable to appellant, we are convinced that appellant has failed to state a claim upon which relief can be granted and that O'Brien was entitled to dismissal of the complaint against him.
 
 
 14
 It is not alleged that O'Brien participated in the events leading up to appellant's confession or in the trial of appellant. While it is alleged that O'Brien obtained the taped confession knowing it to have been drug induced, it is clear that the mere act of procurement of the tape constituted no actionable invasion of petitioner's right.[3]
 
 
 15
 Unless and until some use is made of an illegally obtained confession in such a way as to deprive a person of constitutional rights, no claim is stated under 42 U.S.C. § 1983. Ransom v. City of Philadelphia,311 F.Supp. 973 (E.D.Pa.1970). Appellee O'Brien made no such use of the confession. There is no allegation that O'Brien knew that the subsequent trial of appellant would be lacking in any element of due process and the court will not presume any such knowledge. See Dunn v. Gazzola, 216 F.2d 709 (1st Cir. 1954). Neither can it be said that O'Brien's act of obtaining the confession was the proximate cause of denial of appellant's rights at his subsequent trial. O'Brien was in no way involved in that trial and had no authority over the persons in charge of the prosecution of appellant in Plymouth County. A defendant will not be held liable under 42 U.S.C. § 1983 unless he was personally involved in causing the deprivation of a constitutional right or he either has or is charged with having actual knowledge that his subordinates are causing deprivations of constitutional rights. Potts v. Wright, 357 F.Supp. 215, 218 (E.D.Pa.1973).
 
 
 16
 We note that O'Brien is not charged with having concealed or withheld information from Beebe and Sturges, the prosecutors in Plymouth County. Indeed those prosecutors were charged with having intentionally and purposefully concealed the facts concerning use of drugs to induce appellant's confession.
 
 
 17
 As to the alleged concealment by O'Brien, during appellant's trial and subsequent incarceration, of his knowledge that the confession was drug induced, we hold that O'Brien was not acting under color of state law and thus the § 1983 cause of action must fail. The record clearly reflects that at the time of the alleged concealment of facts by O'Brien, O'Brien was no longer acting as the prosecuting attorney in appellant's case which had been transferred to Plymouth County on or about April 1, 1955. The mere fact that O'Brien was a prosecuting attorney would not support a finding that every act done by him was done under color of state law. It is the nature of the act performed by a state official, not the status of a state official as such, that is determinative of the applicability of 42 U.S.C. § 1983. Warner v. Croft, 406 F.Supp. 717, 721 (W.D.Okla.1975); Edwards v. Vasel, 349 F.Supp. 164, 166 (E.D.Mo.), aff'd, 469 F.2d 338 (8th Cir. 1972); Phillips v. Rockefeller, 321 F.Supp. 516, 521 (S.D.N.Y.), aff'd 435 F.2d 976 (2d Cir. 1971). To establish that an act was performed under color of state law, there must exist some authority vested by the state in the official to act in regard to the constitutional right of which appellant contends he has been denied. Potts v. Wright, supra, 357 F.Supp. at 219. In the present case, O'Brien had no authority or duty to take official action concerning appellant's trial in a county outside of his jurisdiction. The failure of O'Brien to take affirmative action in a jurisdiction where he was not empowered or required by the state to take such action simply was not a violation of 42 U.S.C. § 1983. See Ashenhurst v. Carey, 351 F.Supp. 708, 713 (N.D.Ill.1972).
 
 
 18
 In Edwards v. Vasel, supra, it was held that a police officer who testified falsely at a habeas corpus hearing concerning the voluntariness of a confession was not acting under color of state law. Since the § 1983 claim in Edwards was based on perjury committed at a habeas corpus hearing, the court ruled that there had been no misuse of power possessed by the officer by virtue of state law and made possible only because the wrongdoer was clothed with authority of state law. Judge Regan[4] pointed out that a person having authority by law must use such authority to deprive another of his constitutional rights before a § 1983 claim is stated. 349 F.Supp. at 166. In testifying, the officer was not using his official authority since he was testifying as a witness, and in this respect was no different than any other witness. It would be incongruous for this court to hold that O'Brien's failure to come forward with evidence constituted an act under color of state law when clearly, under Edwards, even if O'Brien had been called as a witness and perjured himself concerning his knowledge of appellant's confession, his act of perjury would not have been performed under color of state law.
 
 
 19
 The record reflects that appellee O'Brien was in no way responsible for the use of appellant's confession at trial in Plymouth County, and that O'Brien had no authority to prevent such use of the confession by Sturges and Beebe. Any action or inaction on the part of O'Brien with regard to the trial of appellant in Plymouth County was undertaken in O'Brien's capacity as a private citizen. The fact that O'Brien was a prosecuting attorney for Woodbury County does not alter the private nature of his failure to come forward with exculpatory information at appellant's trial, or thereafter. See Chicago's Last Dept. Store v. Indiana Alcoholic Bev. Com'n, 161 F.Supp. 1, 4-5 (N.D.Ind.1958).[5]
 
 
 20
 In sum, we hold that O'Brien's acts prior to April 1, 1955 deprived appellant of no rights secured to him by the Constitution or laws of the United States and inflicted no injury upon him. As to O'Brien's failure to come forward with exculpatory information at appellant's trial and thereafter, we hold that O'Brien was not acting under color of state law. Thus, no claim cognizable under 42 U.S.C. § 1983 has been stated.
 
 
 21
 Accordingly, the judgment and order of the district court is affirmed.
 
 
 
 [1]
 The Honorable Edward J. McManus, Chief Judge, United States District Court, Northern District of Iowa
 
 
 [2]
 According to the complaint O'Brien was in charge of the case until about April 1, 1955. From other materials in the record it appears that actually charges were filed in Plymouth County on March 3, 1955. Since the difference in dates is of no real consequence here we use the date April 1, 1955 alleged in the complaint
 
 
 [3]
 We note that appellant does not include O'Brien's act of obtaining the tape in any of the four causes of action set out in his complaint and we note also that the tape was obtained under protection of an order of the Iowa state district court
 
 
 [4]
 The Honorable John K. Regan, United States District Judge, Eastern District of Missouri
 
 
 [5]
 There is no indication in the record that appellant subpoenaed O'Brien or requested that he testify at appellant's trial concerning his knowledge of the circumstances surrounding the confession. Further, had O'Brien been called as a witness in this regard it is uncertain whether his second-hand information concerning the drug induced nature of the confession would have been admissible at trial