Melvin APPELBAUM,

v.

CERES LAND COMPANY, Haydock Land & Livestock Company, Seckler Company, Chilewich Sons & Company, Northwestern Mutual Life Insurance Company, Siron Corporation, Hugh R. Macklin, **Appellees,**

Merle Levitt, **Appellant.**

No. 81–2358.

United States Court of Appeals, Eighth Circuit.

Submitted June 17, 1982.

Decided Aug. 30, 1982.

Karla R. Wahl, Minneapolis, Minn., for appellant.

Timothy R. Thornton, Carolyn P. Short, Michael D. Tewksbury, Rider, Bennett, Egan & Arundel, Minneapolis, Minn., for appellees.

Before ROSS, Circuit Judge, and STEPHENSON and HENLEY, Senior Circuit Judges.

ROSS, Circuit Judge.

This is an appeal from the district court's[1] dismissal of appellant's claims brought under Minnesota Blue Sky Law for failure to file within the applicable statute of limitations. We affirm the district court's November 6, 1981 order.

*Facts*

Melvin Appelbaum filed suit on July 20, 1976, against Merle Levitt and Ceres Land Company for securities violations in a tax shelter cattle feeding operation called "Hallowell Pool V."[2] On September 16, 1976,

---

1. The Honorable Earl R. Larson, Senior United States District Judge for the District of Minnesota, presiding.

2. Merle Levitt (Levitt) was the accountant of Melvin Appelbaum (Appelbaum). Levitt was named as a defendant because he had allegedly recommended that Appelbaum invest in Hallowell Pool V.

Ceres Land Company was the entity which formed pools of investors for the cattle feeding program. Seckler Company Chilewich Sons & Co., Siron Corp., Hugh R. Macklin and Northwestern Mutual Life Insurance Co. were princi-

Levitt asserted a cross-claim against Ceres incorporating by reference the allegations contained in Appelbaum's complaint that Ceres violated federal securities law and the Minnesota Blue Sky Act. In the spring of 1980, Ceres settled the action with Appelbaum out of court and Levitt was dismissed as a defendant. Only Levitt's cross-claim against Ceres remains.

On September 15, 1980, Ceres moved for summary judgment and dismissal of Levitt's cross-claim for the reason that the cross-claim was barred by the statute of limitations. On October 20, 1980, Levitt moved for partial summary judgment on the state Blue Sky claims. The district court, 546 F.Supp. 17, on February 13, 1981, granted Ceres' motion to dismiss that part of Levitt's claim which alleged failure to register securities under Minnesota Blue Sky Law, denied Ceres' motion to dismiss Levitt's federal claims and denied Levitt's motion for partial summary judgment.

On March 13, 1981, Levitt appealed the dismissal of his Blue Sky claims. On May 6, 1981, this court dismissed the appeal for lack of jurisdiction finding that the district court's order was not final and therefore not appealable. On November 3, 1981, upon agreement of the parties, the district court dismissed with prejudice Levitt's federal claims. Levitt appeals the district court's final order dismissing his Blue Sky claims. The appeal does not relate to the dismissal of the federal claims but is limited to the issue of whether the claims of failure to register as required by Minnesota law were properly dismissed as being barred by the statute of limitations.

*Jurisdiction*

A question was raised at oral argument regarding federal subject matter jurisdiction. After the district court's November 3

dismissal of Levitt's federal claims, only state law claims remain. We, therefore, address the question of whether the district court abused its discretion in exercising jurisdiction over the pendent state claims.

The Supreme Court in *Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) stated that pendent jurisdiction is a doctrine of discretion and its "justification lies in considerations of judicial economy, convenience and fairness to litigants." In *Rosado v. Wyman*, 397 U.S. 397, 402, 90 S.Ct. 1207, 1212, 25 L.Ed.2d 442 (1970) the Supreme Court addressed the question of whether the power of the federal court to adjudicate a pendent claim was lost when the federal claim was held to be moot. The Court held that it was

> not willing to defeat the commonsense policy of pendent jurisdiction—the conservation of judicial energy and the avoidance of multiplicity of litigation—by a conceptual approach that would require jurisdiction over the primary claim at all stages as a prerequisite to resolution of the pendent claim.

*Id.* at 405, 90 S.Ct. at 1214 (footnote omitted).

■ The state and federal claims arose from a "common nucleus of operative fact" and were such that Levitt "would ordinarily be expected to try them all in one judicial proceeding." *Mine Workers v. Gibbs, supra*, 383 U.S. at 725, 86 S.Ct. at 1138. Additionally, at the time the district court dismissed the state claims on statute of limitations grounds the federal claims had not been dismissed.[3] We hold that it was within the district court's discretion to exercise jurisdiction over the pendent state claim in this case. *See Springfield Television, Inc. v. City of Springfield, Mo.*, 462 F.2d 21,

---

pal shareholders or directors of Ceres. Haydock Land & Livestock Co. helped form pools of investors in Ceres. All defendants except Levitt will be collectively referred to as "Ceres."

**3.** For this court to dismiss this appeal for lack of jurisdiction would essentially require Levitt to go to trial on his federal claims before he would be allowed to appeal the dismissal of his

state claims. Instead, he chose to voluntarily dismiss the federal claims and pursue his state law claims. In our view, requiring Levitt to proceed through trial on issues he is willing to dismiss, solely to maintain the court's jurisdiction, is inequitable and goes against the "commonsense policy of pendent jurisdiction." *Rosado v. Wyman*, 397 U.S. 397, 405, 90 S.Ct. 1207, 1214, 25 L.Ed.2d 442 (1970).

23–24 (8th Cir. 1972); *Hughes v. Ford Motor Credit Co.*, 360 F.Supp. 15, 18 (E.D.Ark. 1973).

### Statute of Limitations

Levitt argues that his state Blue Sky claims are not barred by the statute of limitations and thus the district court erred in dismissing those claims. Levitt contends that the applicable statute of limitations is found in Minn.Stat.Ann. § 80.26 (West 1968) which provides that suit must be brought within six years of the date on which the securities were delivered to the purchaser.[4] Levitt argues that the three-year statute of limitations found in Minn. Stat.Ann. § 80A.23(7) (West Supp.1981)[5] is inapplicable to this case because it does not apply to actions arising before August 1, 1973.

Levitt also contends that if the three-year statute does apply, the federal equitable tolling doctrine should be used to toll the running of the statute of limitations until the date the fraud was discovered by Levitt. *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946). Finally, Levitt argues that his cross-claim, which adopts by reference Appelbaum's complaint, should relate back to the date the original complaint was filed.

The district court rejected Levitt's contentions and dismissed the state claims. The district court held that the decision in *Barry and Swartz v. Ceres Land Co., et al.*, No. 4–74–Civil 250 (D.Minn. July 26, 1978) applying the three-year statute of limitations of Minn.Stat.Ann. § 80A.23(7) was controlling, and that the statute of limitations began to run on August 1, 1973, the date on which the investments were completed and the interest in the pool were sold. *Barry and Swartz* was an action by other investors in Hallowell Pool V which was substantially similar to the present action. Levitt had alleged no facts which would show that a different statute of limitations than that used in *Barry and Swartz* should be applied.

Furthermore, the district court held that Levitt's cross-claim did not relate back to the date of filing of Appelbaum's complaint because the cross-claim was a claim for affirmative relief which would have been time barred had Levitt filed a separate action. *Ash v. United States*, 363 F.Supp. 345 (D.Neb.1973). The district court also concluded that the federal equitable tolling doctrine established in *Holmberg v. Armbrecht, supra*, did not apply to the Blue Sky claims because the doctrine applies only to allegations of fraud. No elements of fraud were asserted in the state claims of failure to register the securities.

■ After a careful review of the record in this case, including the original district court file, the briefs of the parties and the district court's well-reasoned opinion, we find that the record supports the findings of the district court. We accordingly affirm the dismissal of Levitt's state Blue Sky claims.

---

4. Minn.Stat.Ann. § 80.26 (West 1968) states in pertinent part:

> 80.26 Limitation of actions; exceptions
> No action shall be maintained for relief upon a sale of securities made in violation of any of the provisions of sections 80.05 to 80.27, or upon a sale of securities made in violation of any of the provisions of a registration thereunder, or for failure to disclose that the sale thereof was made in violation of any of these provisions or in violation of any of the provisions of a registration thereunder, or upon any representation with respect to the registration or non-registration of the security claimed to be implied from any such

sale, unless commenced within six years after the date on which the securities were delivered to the purchaser pursuant to such sale.

5. Minn.Stat.Ann. § 80A.23(7) (West Supp. 1981) states in pertinent part:

> Subd. 7. No person may commence an action under subdivision 1 more than three years after the sale upon which such action is based. No person may commence an action under subdivision 2 more than three years after the occurrence of the act or transaction constituting the violation.