Daniel BRONFMAN, et ux., Plaintiffs,

v.

The STATE OF MISSOURI, et al., Defendants.

No. 88–0880–CV–W–3.

United States District Court,
W.D. Missouri, W.D.

Feb. 28, 1989.

Daniel Bronfman, Kansas City, Mo., pro se.

Larry Delano Coleman, Kansas City, Mo., for plaintiffs.

Kevin M.J. Crane, Asst. Atty. Gen., Jefferson City, Mo., for State of Mo. and Missouri Workers Compensation Com'n.

Norma S. Webster, Asst. City Atty., Kansas City, Mo., for City of Kansas City and their employees.

## ORDER

ELMO B. HUNTER, Senior District Judge.

Before the Court are three motions to dismiss plaintiffs' complaint filed by (1) the City of Kansas City, Missouri, the Kansas City Personnel Department and certain of its members, and the Kansas City Water Department and certain of its members (City); (2) the State of Missouri and the Missouri Workers' Compensation Commission, and (3) the Division of Workers' Compensation of the Department of Labor and Industrial Relations of the State of Missouri (Division).

Taking as true the allegations of the complaint, as the Court must do in a motion to dismiss, *Cooper v. Pate*, 378 U.S. 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964), and all reasonable inferences therefrom, the pertinent facts must be stated as follows. Plaintiff Daniel Bronfman was employed as an electrician by the Kansas City Water Department. According to plaintiff, on or about September 19, 1983, he was injured at his place of work when he inhaled fumes of sulfur dioxide and sulfuric acid. He alleges that this exposure has permanently damaged his respiratory system. Daniel Bronfman was fired on December 5, 1984, allegedly in retaliation for his having filed a workers' compensation claim and several grievances. He asserts that his workers' compensation claim has been intentionally and wrongfully delayed by defendant City and defendant Division. His claim has not yet proceeded to trial although it has been over five years since his injury. In Count I plaintiffs seek to recover for defendant City's allegedly intentional and willful failure to pay Daniel Bronfman the benefits due him under the Missouri workers' compensation laws. In Count II plaintiffs seek damages for defendant City's allegedly

wrongful discharge of Daniel Bronfman in retaliation for his having filed a workers' compensation claim. In Counts III and IV plaintiffs seek to recover for the allegedly wrongful delay of Daniel Bronfman's workers' compensation claim by defendant City and defendant Division in violation of 42 U.S.C. § 1983.

## I. Defendant City's Motion to Dismiss

Defendant City contends that plaintiffs' complaint should be dismissed because the Court lacks subject matter jurisdiction. 28 U.S.C. § 1343 confers federal jurisdiction over claims arising under 42 U.S.C. § 1983. Thus, in order to invoke federal jurisdiction pursuant to 28 U.S.C. § 1343, plaintiffs must properly state a claim for relief under 42 U.S.C. § 1983.

To establish a claim for relief under 42 U.S.C. § 1983 two elements must exist. First, the plaintiff must have suffered the deprivation of federally protected rights, privileges or immunities as the result of action taken. *Triplett v. Azordegan*, 570 F.2d 819, 822 (8th Cir.1978). Second, such deprivation must have been caused by a person acting under color of state law. *Id.* Defendant City contends that plaintiffs cannot establish that they have been deprived of a federally protected right. The Court concludes, however, that plaintiffs have sufficiently alleged the deprivation of a federally protected interest to state a claim for relief under section 1983.

In *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982), the United States Supreme Court held that the right to use state adjudicatory procedures is a constitutionally protected property interest. 455 U.S. at 430–31, 102 S.Ct. at 1154–55. In *Logan* a probationary employee who was discharged by a company filed a timely charge pursuant to the Illinois Fair Employment Practices Act (FEPA), which established a "comprehensive scheme for adjudicating allegations of discrimination." *Id.* at 424–25, 102 S.Ct. at 1151. Under the FEPA, the Illinois Fair

Employment Practices Commission (Commission) was required to convene a fact-finding conference within 120 days of the filing of the charge. The Commission inadvertently missed the 120 day deadline, but rejected the company's request for dismissal. The Illinois Supreme Court found the language in the FEPA to be mandatory and held that the failure to convene during the 120 day period deprived the Commission of jurisdiction to hear the employee's charge. *Id.* at 427, 102 S.Ct. at 1153. The employee argued that the termination of his claim violated his federal rights to due process and equal protection.

The Supreme Court noted that its analysis involved a two-part inquiry: whether the employee was deprived of a federally protected interest and, if so, what process was his due. The Court concluded that the employee's FEPA claim was constitutionally protected, because his right to redress was guaranteed by the State. *Id.* at 430–431, 102 S.Ct. at 1154–55. The Court then turned to the determination of what process was due the employee. *Id.* at 433, 102 S.Ct. at 1156. The Court held that "the State may not finally destroy a property interest without first giving the putative owner an opportunity to present his claim of entitlement." *Id.* at 434, 102 S.Ct. at 1157. The employee was entitled to have the Commission consider the merits of his charge before deciding whether to terminate his claim. *Id.*

The Missouri Workers' Compensation Law, Chapter 287, R.S.Mo., establishes a "comprehensive scheme for adjudicating" workers' compensation claims. *Logan* makes it clear that Daniel Bronfman's right to seek redress for his workers' compensation claim using Missouri's adjudicatory procedures is a constitutionally protected property interest.

Like the Supreme Court in *Logan*, this Court must now determine what process is due plaintiffs.[1] In their complaint,

---

1. The Court recognizes that the instant case is distinguishable from *Logan*, in which the state system itself destroyed the employee's protected property interest. However, *Logan* emphasizes that the due process clause requires "an opportunity ... granted at a meaningful time and in a meaningful manner, for [a] hearing appropriate

plaintiffs allege that defendant City and defendant Division have conducted an intentional and retaliatory delay of the processing of Daniel Bronfman's workers' compensation claim. The Court finds that plaintiffs' allegations, if true, sufficiently establish that Daniel Bronfman has been deprived by defendants of his federally protected right to redress under the Missouri workers' compensation law. Therefore, plaintiffs' complaint states a claim for relief under 42 U.S.C. § 1983 and, as a result, invokes the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1343.

■ The Court further finds that plaintiffs' state and federal claims arise from a "common nucleus of operative fact" and are such that plaintiffs "would ordinarily be expected to try them all in one judicial proceeding." *See Appelbaum v. Ceres Land Co.*, 687 F.2d 261, 262 (8th Cir.1982). The Court chooses in its discretion to exercise pendant jurisdiction over plaintiffs' state law claims in light of considerations of judicial economy, convenience, and fairness to the parties. *See McGrath v. Zenith Radio Corp.*, 651 F.2d 458 (7th Cir.), *cert. denied*, 454 U.S. 835, 102 S.Ct. 136, 70 L.Ed.2d 114 (1981). Thus, the motion to dismiss filed by defendant City is hereby DENIED.

II. Motions to Dismiss filed by defendants State of Missouri, The Missouri Workers' Compensation Commission, and The Missouri Division of Workers' Compensation

In their motions to dismiss, the above-named defendants contend primarily that the Eleventh Amendment to the United States Constitution provides them with immunity from plaintiffs' section 1983 claim. In response, plaintiffs argue that the State of Missouri has waived its immunity to this type of action in federal court.

The Eleventh Amendment provides:
The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States

to the nature of the case." *Id.* at 437, 102 S.Ct.

by Citizens of Another State, or by Citizen or Subjects of any Foreign State.

Although the Eleventh Amendment does not literally apply to actions brought against a state by its own citizens, it has long been held to bar a citizen from bringing suit against his own state in federal court. *Florida Dept. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 102 S.Ct. 3304, 73 L.Ed.2d 1057 (1982). There are, however, certain well-established exceptions to the reach of the Eleventh Amendment. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 238, 105 S.Ct. 3142, 4145, 87 L.Ed. 2d 171 (1985). For example, if a state waives its immunity and consents to suit in federal court, the Eleventh Amendment does not bar the action. *Id.* Moreover, Congress can abrogate the Eleventh Amendment without the states' consent when acting pursuant to section 5 of the Fourteenth Amendment. *Id.*

■ It is clear that 42 U.S.C. § 1983 does not abrogate the Eleventh Amendment immunity of the states. *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). There is little question that an award of monetary damages in a section 1983 action, to be paid by the state, is improper. *See Trotter v. Klincar*, 566 F.Supp. 1059, 1064 (N.D.Ill.1983), *aff'd*, 748 F.2d 1177 (7th Cir.1984). Thus, the State of Missouri is immune from plaintiffs' claim for monetary relief under section 1983 unless it has waived such immunity. *See An–Ti Chai v. Michigan Technological University*, 493 F.Supp. 1137, 1162 (W.D.Mich.1980). Moreover, it has long been held that Eleventh Amendment immunity applies to agents of states, as well as to states themselves. *Id.* Consequently, state agencies such as the Missouri Division of Workers' Compensation and the Missouri Commission on Workers' Compensation are immune from damages liability under section 1983 unless Eleventh Amendment immunity has been waived. *See Trotter*, 566 F.Supp. at 1064; *Jones v. State of Michigan*, 525 F.Supp. 636, 638 (E.D.Mich.1981), *aff'd*, 705 F.2d 454 (6th

at 1159.

Cir.1982); *An–Ti Chai*, 493 F.Supp. at 1162.

■ Plaintiffs argue that the State of Missouri has waived its immunity to this suit in federal court. Plaintiffs rely on § 287.590 R.S.Mo., which provides that the Missouri Division of Workers' Compensation may sue and be sued in its official name. The United States Supreme Court has held, however, that in order for a state statute to constitute a waiver of Eleventh Amendment immunity it must specify the State's intention to subject itself to suit in *federal court. Scanlon*, 473 U.S. at 241, 105 S.Ct. at 3146–47. This Court finds, therefore, that § 287.590 R.S.Mo. does not waive the State of Missouri's constitutional immunity in the instant case because it does not specifically indicate that the state intends to subject itself to this type of suit in federal court.[2] In the absence of an unequivocal waiver specifically applicable to federal court jurisdiction, the Court declines to find that the State of Missouri and its agencies have waived their constitutional immunity. *See, id.* Accordingly, the Court dismisses the State of Missouri, the Missouri Workers' Compensation Commission, and the Missouri Division of Workers' Compensation from this action.

*Conclusion*

It is hereby

ORDERED (1) that the motion to dismiss filed by defendants City of Kansas City, Missouri, the Kansas City Personnel Department and certain of its members, and the Kansas City Water Department and certain of its members is hereby DENIED. It is further

ORDERED (2) that the motions to dismiss filed by defendants State of Missouri, the Missouri Workers' Compensation Commission and the Missouri Division of Workers' Compensation are hereby GRANTED.

IT IS SO ORDERED.

---

**2.** Furthermore, § 537.600 R.S.Mo. specifically retains the sovereign immunity of the State of Missouri except when that immunity is expressly waived by statute.