934 F.Supp. 1131 (1996)
Willie J. STEVENSON, Plaintiff,
v.
BROD DUGAN PAINT AND WALL COVERINGS, et al., Defendants.
No. 4:96CV717SNL.
United States District Court, E.D. Missouri, Eastern Division.
August 23, 1996.
*1132 Willie J. Stevenson, Maplewood, MO, pro se.
Zachary A. Hummel, Ann B. Davis, Bryan Cave, St. Louis, MO, and Brod-Dugan Paint and Wallcoverings.
Barry J. Levine, Partner, Souders and Levine, Olivette, MO, for Dwaynn Patterson, Local 604 International Brotherhood of Painters and Allied Trades.

MEMORANDUM AND ORDER
LIMBAUGH, District Judge.
Pro se plaintiff has filed this Title VII action alleging that corporate defendant Brod Dugan and individual defendants Robert Brod, Jack Bergen, and Sam Sokolowski have created a hostile work environment and have failed to promote plaintiff on the basis of his race and health.[1] This matter is before the Court on defendants Brod, Bergen, and Sokolowski's motion to dismiss (# 27), filed July 3, 1996. As of today's date, plaintiff has failed to file a response.
Defendants contend that as supervisors or co-employees of plaintiff's employer (Brod Dugan) they cannot be held personally liable under Title VII.
Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person. ..." 42 U.S.C. § 2000e(b). The term "person" is defined as including "one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under Title 11, or receivers." 42 U.S.C. § 2000e(a).
The federal courts are divided on the issue of personal liability, especially with regard to supervisors, under Title VII. Some courts have held supervisors individually liable under Title VII as "agents" of the employer. See, Paroline v. Unisys Corp., 879 F.2d 100 (4th Cir.1989), vacated in part, 900 F.2d 27 (4th Cir.1990); Jones v. Continental Corp., 789 F.2d 1225 (6th Cir.1986); Janopoulos v. Walner & Associates, 835 F.Supp. 459 (N.D.Ill.1993); Raiser v. O'Shaughnessy, 830 F.Supp. 1134 (N.D.Ill.1993); Vakharia v. Swedish Covenant Hospital, 824 F.Supp. 769 (N.D.Ill.1993); Sandoval v. Pagano, 763 F.Supp. 1087 (D.Col.1991). Other courts have found that a supervisor is not an "agent of the corporate employer and thus may not be held personally liable under Title VII." See, Miller v. Maxwell's International, 991 F.2d 583 (9th Cir.1993); Pommier v. Edelstein, 816 F.Supp. 476 (N.D.Ill.1993); Weiss v. Coca-Cola Bottling Company of Chicago, 772 F.Supp. 407 (N.D.Ill.1991); Robinson v. Jacksonville Shipyards, 760 F.Supp. 1486 (M.D.Fla.1991); Davis v. State Dept. of Health, 744 F.Supp. 756 (S.D.Miss.1990); Bradley v. Consolidated Edison Co. of New York, Inc., 657 F.Supp. 197 (S.D.N.Y.1987).
Recently, an Iowa district court, after noting the split among the circuits and district courts on the issue of individual liability under Title VII and the ADEA, held that liability can be imposed on supervisory personnel under the ADEA. Schallehn v. Central Trust And Savings Bank, 877 F.Supp. 1315, 1328-1338 (N.D.Iowa 1995). It noted that there was no Eighth Circuit decision on point and found the reasoning of the minority view as espoused by an Illinois district court in Jendusa v. Cancer Treatment Ctrs. of America, Inc., 868 F.Supp. 1006 (N.D.Ill.1994) to be persuasive. However, the Schallehn Court, in its exhaustive review, did note this Court's recent decision in Williams v. Rothman Furniture Stores, Inc., 862 F.Supp. 239 (E.D.Mo.1994) in which this Court concluded that liability under Title VII cannot attach to individual defendants in their personal capacity. The Schallehn Court further noted:
"Although this court will not be surprised if the Eighth Circuit Court of Appeals ultimately follows the greater weight of authorities, as have all recent circuit courts of appeals decisions, by holding that supervisors cannot be subjected to personal liability under Title VII or the ADEA, this *1133 court is persuaded by the minority view on the issue."
Schallehn, at 1331.
Approximately two (2) months after the Iowa District Court rendered its decision in Schallehn, the Eighth Circuit Court of Appeals rendered its decision in Lenhardt v. Basic Institute of Technology, Inc., 55 F.3d 377 (8th Cir.1995). The issue before the Lenhardt Court was whether an individual defendant, who was the sole shareholder, sole director, and president of the corporate defendant employer of the plaintiff, could also be considered an "employer" within the meaning of the Missouri Human Rights Act (MHRA). The Court began its analysis by noting that Title VII, the ADEA, and the MHRA are "similar statutory schemes that prohibit discrimination in employment against protected classes." Lenhardt, at 380. The Court further found that the federal statutes include definitions of "employer" that are analogous to the MHRA's definition of the term. Lenhardt, at 380. The Court then reviewed numerous federal decisions circuit-wide (Title VII and ADEA cases), including its own recent decision of Smith v. St. Bernards Regional Medical Center, 19 F.3d 1254 (8th Cir.1994), and found that the "more recent cases reflect a clear consensus on the issue before us: supervisors and other employees cannot be held liable under Title VII in their individual capacities." Lenhardt, at 381. Although the Court recognized that it was not deciding the issue of individual employee liability under Title VII when the employee is the Title VII plaintiff's supervisor, it did reach the conclusion that:
"Every circuit that has considered the issue ultimately has concluded that an employee, even one possessing supervisory authority, is not an employer upon whom liability can be imposed under Title VII. Thus, we believe the Missouri Supreme Court would hold that the definition of the term employer in the MHRA does not subject employees, including supervisors or managers, to individual liability."
Lenhardt, at 381.
Although the Eighth Circuit has yet to definitively state that employee-supervisor individual liability cannot be imposed under Title VII or the ADEA, its holdings in Smith, supra, and Lenhardt, supra, clearly indicate that such a holding will ultimately be made. The Eighth Circuit views Title VII and the ADEA as having analogous definitions of "employer"; it has held that a Title VII plaintiff's co-workers cannot be held individually liable even if such co-workers might be considered agents of their employer; and it has embraced the majority view that an employee, even one possessing supervisory authority, is not an "employer" upon whom liability can attach under Title VII. In light of these findings, this Court determines that individual liability cannot attach to defendants Brod, Bergen, and Sokolowski.
Accordingly,
IT IS HEREBY ORDERED that defendants Brod, Bergen, and Sokolowski's motion to dismiss (# 27) be and is GRANTED. The named individual defendants are hereby DISMISSED from this cause of action.
NOTES
[1] Plaintiff has also brought this Title VII action against his union, Paintmakers Local 604, and his union representative, Dewaine Patterson. Plaintiff alleges that they failed to intervene on his behalf and "force" Brod Dugan to abide by the union contract.