**Helen COLLER, Plaintiff,**

v.

**STATE OF MISSOURI, DEPARTMENT OF ECONOMIC DEVELOPMENT, et al., Defendants.**

No. 96–4201–CV–C5.

United States District Court,
W.D. Missouri,
Central Division.

Feb. 13, 1997.

Audrey L. McIntosh, Hawkins Law Offices, Jefferson City, MO, for Helen Coller.

Carolyn Gail Vasterling, Missouri Attorney General's Office, Jefferson City, MO, for Department of Economic Development, State of Missouri.

Lori J. Levine, Carson & Coil, Jefferson City, MO, for Randall J. Singer.

Mary Susan Erickson, Missouri Attorney General's Office, Jefferson City, MO, for Jim Hall.

**ORDER**

LAUGHREY, District Judge.

Pending before the Court is Defendant Hall's Motion to Dismiss, Defendant Singer's Motion to Dismiss Counts I and III, and Defendant State of Missouri's Motion to Dismiss Counts II and III. Plaintiff's suggestions in opposition and Defendants' replies are also on file with the Court. After due consideration of the Complaint and the motions, the Court grants the motions in part and denies the motions in part.

I. Background

Plaintiff, Helen Coller ("Coller"), brings this employment discrimination action against the State of Missouri, Department of Economic Development ("DED"), Mr. Singer ("Singer") and Mr. Hall ("Hall"). Singer worked for DED as the Director of the Division of Professional Registration. He supervised Coller while she worked for DED.

Hall, a co-worker of Coller, also worked for DED. Among other things, Coller alleges that she was sexually harassed, discriminated against, and subjected to a hostile work environment. Coller filed a four-count complaint raising the following claims: 1) Title VII; 2) 42 U.S.C. § 1983; 3) Missouri Human Rights Act, Mo.Rev.Stat. Chapter 213; and 4) Intentional Infliction of Emotional Distress.

II. Standard

In considering a motion to dismiss, whether on the grounds of lack of subject matter jurisdiction or for failure to state a claim, the "complaint must be liberally construed in the light most favorable to the plaintiff." *Coleman v. Watt,* 40 F.3d 255, 258 (8th Cir.1994) (citations omitted); *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

In ruling on a motion for failure to state a claim, the court must assume "all well pleaded factual allegations in the complaint are true." *Westcott v. City of Omaha,* 901 F.2d 1486, 1488 (8th Cir.1990) (citing *Morton v. Becker,* 793 F.2d 185, 187 (8th Cir.1986)). This standard applies to well pleaded facts and the court will not "blindly accept the legal conclusions drawn by the pleader from the facts." *Westcott,* 901 F.2d at 1488 (citing *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987)). Dismissal under Fed. R.Civ.P. 12(b)(6) is not proper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

III. Discussion

**A. Defendant DED's Motion to Dismiss**

1. Count II (Section 1983)

DED contends that Coller's § 1983 claim against the Department is barred by the Eleventh Amendment. The Eleventh Amendment provides:

The judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by Citizens or another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI. Absent consent to be sued or Congressional abrogation, the Eleventh Amendment bars federal court actions against the state or its agencies. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63, 109 S.Ct. 2304, 2308, 105 L.Ed.2d 45 (1989); *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100–01, 104 S.Ct. 900, 907–08, 79 L.Ed.2d 67 (1984); *Bronfman v. Missouri,* 707 F.Supp. 419, 422 (W.D.Mo. 1989), *aff'd w/o op.* 994 F.2d 842 (8th Cir. 1993). This Eleventh Amendment bar limits a federal court's subject matter jurisdiction in civil rights cases and is not overridden by § 1983. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Quern v. Jordan,* 440 U.S. 332, 338–40, 99 S.Ct. 1139, 1143–45, 59 L.Ed.2d 358 (1979); *Nix v. Norman,* 879 F.2d 429, 432 (8th Cir.1989); *Hadley v. North Arkansas Community Tech. College,* 76 F.3d 1437, 1438 (8th Cir.1996). The bar applies whether the plaintiff seeks damages, injunctive or declarative relief. *Pennhurst,* 465 U.S. at 100–01, 104 S.Ct. at 907–08. The immunity protects states from suits brought by its own citizens as well as by citizens of another state. *Florida Dep't of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 102 S.Ct. 3304, 73 L.Ed.2d 1057 (1982).

The primary purpose of the Eleventh Amendment is to safeguard the state treasury. *Hess v. Port Authority Trans–Hudson Corp.,* 513 U.S. 30, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994). The Eleventh Amendment also serves to protect a state from the indignity of subjecting itself "to the coercive process of judicial tribunals at the instance of private parties." *In re SDDS, Inc.,* 97 F.3d 1030, 1035 (8th Cir.1996) (quoting *Seminole Tribe of Fla. v. Florida,* —— U.S. ——, ——, 116 S.Ct. 1114, 1124, 134 L.Ed.2d 252 (1996)). It is clear that DED is a state agency. Mo. Rev.Stat. § 620.010. Even Plaintiff admits this fact in her Complaint. Because DED is a state agency, it may invoke the Eleventh Amendment in order to protect the state treasury from liability. *Hadley,* 76 F.3d at 1439. The Court dismisses Count II against DED.

### 2. Count III (MHRA)

■ DED further claims that Count III, based on the Missouri Human Rights Act, should be dismissed because of the Eleventh Amendment. As previously discussed, the Eleventh Amendment bars federal court actions against a state or its agencies unless the state waives its immunity or Congress abrogates it. *Will,* 491 U.S. at 63, 109 S.Ct. at 2308. A state can waive this immunity, but the evidence of waiver must be clear. *Bronfman,* 707 F.Supp. at 422–23. Neither Plaintiff's Complaint nor her response to Defendant's Motion to Dismiss points to any statute which shows the State clearly waived its immunity to be sued in federal court on this claim. Although MHRA provides for actions in Missouri circuit courts, the statute does not authorize actions in federal court. Mo.Rev.Stat. § 213.111.1. *See Bronfman,* 707 F.Supp. at 423.

■ Plaintiff argues that the Court can exercise pendent jurisdiction over the state law claim under the MHRA. (Sugg. Opp. at 10). Pendent jurisdiction, however, cannot override Eleventh Amendment immunity as to a state law claim. *Pennhurst,* 465 U.S. at 121, 104 S.Ct. at 919. Therefore, the Court dismisses Count III against DED.

### B. Defendants Hall and Singer's Motions to Dismiss

#### 1. Count I (Title VII)

■ Defendants Hall and Singer assert that Count I should be dismissed as to them because they cannot be held individually liable under Title VII. It is clear that employees are not individually liable under Title VII. *Smith v. St. Bernards Reg'l Med. Ctr.,* 19 F.3d 1254 (8th Cir.1994). Likewise, supervisors are not individually liable under Title VII. *Stevenson v. Brod Dugan Paint and Wall Coverings,* 934 F.Supp. 1131, 1133 (E.D.Mo.1996); *Johnson v. Missouri Lottery,* No. 96–4019–CV–C–2 (W.D.Mo.1996).

■ Plaintiff, however, states that Hall and Singer are each being sued in their official not individual capacity. (Sugg. Opp. at 1). Therefore, the Court must address the question of whether a supervisor and an employee sued in their official capacities are subject to liability under Title VII.

■ Although Title VII actions are inappropriate against defendants in their in-

dividual capacity, a Title VII claim may be brought against the employer or against a supervisor in her official capacity as an agent of the employer. *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991). In this case, however, Plaintiff has brought a Title VII claim against both DED and Singer. This is duplicative because a suit against a supervisor in his or her official capacity is treated as a suit against the employer itself. *Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 3104-05, 87 L.Ed.2d 114 (1985); *Stafford v. Missouri,* 835 F.Supp. 1136, 1149 (W.D.Mo.1993); *Bryson v. Chicago State Univ.,* 96 F.3d 912, 917 (7th Cir.1996); *Lynn v. United Techns. Corp.,* 916 F.Supp. 1217, 1219 (M.D.Ala.1996); *Jungels v. State Univ. College of New York,* 922 F.Supp. 779, 782 (W.D.N.Y.1996). DED does not contest its status as "employer" under Plaintiff's Title VII claim. Because any liability against Singer will be satisfied by DED, Count I alleging a violation of Title VII is dismissed against Singer.

Plaintiff's argument that he is suing Hall in his official capacity must also fail. Hall is a non-supervisor. Because he is not an agent of DED, he is not subject to suit in an official capacity under Title VII. *Redpath v. City of Overland Park,* 857 F.Supp. 1448, 1456 (D.Kan.1994). Hence, Plaintiff's Title VII claim against Hall in his official capacity is dismissed.

### 2. Count III (MHRA)

Hall and Singer also argue that they are not subject to liability under the MHRA, relying mainly on the *Lenhardt v. Basic Inst. of Tech., Inc.,* 55 F.3d 377 (8th Cir.1995). In determining who is subject to individual liability under the MHRA, the Eighth Circuit analyzed Title VII and the case law decided thereunder to reach the holding that individual liability suits cannot be maintained against employees, including managers and supervisors, because these people do not qualify as "employers" under the MHRA's definition. *Lenhardt,* 55 F.3d at 381. Plaintiff has sued these Defendants in their official capacities under the MHRA. *Lenhardt* does not stand for the proposition that employees sued in their official capacities are not subject to liability.

Alternatively, Singer suggests that these counts should be dismissed because a suit against him in his official capacity is the same as a suit filed against the State of Missouri and is therefore duplicative. (Singer's Reply at 3). *See Van Pilsum v. Iowa State Univ. of Science and Tech.,* 863 F.Supp. 935, 940 (S.D.Ia.1994) (citing *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)). An official capacity suit is considered to be against the state if the state is the real party in interest in that a decision would operate against the state treasury, interfere with public administration or restrain the state from acting. *Pennhurst,* 465 U.S. at 101, 104 S.Ct. at 908-09. Plaintiff argues that even if the claim against Singer and Hall was effectively against the State, prospective injunctive relief against Singer and Hall would still be available because the Eleventh Amendment does not bar prospective injunctive relief against a state official. This Eleventh Amendment exception, however, is only applicable when federal constitutional rights have been violated. *Id.* at 103, 104 S.Ct. at 909-10. Plaintiff contends that she indirectly incorporated violations of the Fourteenth Amendment into her MHRA claim. (Sugg. Opp. at 3). The Court rejects this argument because Plaintiff's MHRA claim is based on violation of that statute, Mo.Rev.Stat. § 213.110, not the Fourteenth Amendment. The Eleventh Amendment bar applies to pendent state law claims as well. *Pennhurst,* 465 U.S. at 120, 104 S.Ct. at 918-19 (a "claim that state officials violated state law in carrying out their official responsibility is a claim against the State that is protected by the Eleventh Amendment"). Accordingly, the Court dismisses the MHRA claim against Singer and Hall because of the Eleventh Amendment.

### 3. Count II (§ 1983)

Defendants Hall and Singer argue that Count II should be dismissed because they are entitled to Eleventh Amendment immunity and because Plaintiff has failed to state a claim under § 1983.

### a. Eleventh Amendment

Plaintiff has sued Hall and Singer in their individual and official capacities for violation of § 1983. (Sugg. Opp. at 4, 5 & Complaint, Count II). A suit against a state official in his individual capacity is not prohibited by the Eleventh Amendment. *Hafer v. Melo*, 502 U.S. 21, 30–31, 112 S.Ct. 358, 364–65, 116 L.Ed.2d 301 (1991); *Taylor v. Bowers*, 966 F.2d 417, 423 (8th Cir.1992), *cert. denied*, 506 U.S. 946, 113 S.Ct. 394, 121 L.Ed.2d 302 (1992). Hence, the Court denies Hall's and Singer's Motions to Dismiss Count II against them in their individual capacities.

The Eleventh Amendment bars federal suits against public servants in their official capacities when the "state is the real, substantial party in interest". *Pennhurst*, 465 U.S. at 100–02, 104 S.Ct. at 907–09. This immunity is not overridden by § 1983 because Congress did not expressly so provide. *Quern*, 440 U.S. at 338–40, 99 S.Ct. at 1143–45. The Eleventh Amendment, however, does not bar suits against a public servant in his official capacity when he is alleged to have committed an unconstitutional act because the State has no authority to order such acts and the official is therefore "stripped of his official or representative character". *Pennhurst* at 102, 104 S.Ct. at 909. Even in such cases, only injunctive relief will be permitted because retroactive relief would have a direct impact on the state treasury. *Edelman*, 415 U.S. at 666–67, 94 S.Ct. at 1357–58.

Plaintiff has alleged a § 1983 violation on the basis that Defendants violated her equal protection rights by discriminating against her on the basis of her sex. (Complaint ¶ 25). In light of Eleventh Amendment immunity and the fact that its primary purpose is to protect state treasuries, prospective injunctive relief would be the only remedy available to a plaintiff for a defendant who, acting in his official capacity, allegedly commits unconstitutional actions in violation of § 1983. *Pennhurst*, 465 U.S. at 102, 104 S.Ct. at 909; *Nix*, 879 F.2d at 432–33. Defendant Hall, however, is no longer employed by DED. (Complaint ¶ 5). The Court cannot grant injunctive relief governing an official's conduct who is no longer working as a public servant for DED. *Edelman*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (holding that a suit against a state official for violation of federal law may only seek injunctive relief governing the official's future conduct). Accordingly, the Court dismisses Count II against Hall in his official capacity. As Defendant Singer is still employed with DED, the Court will not dismiss Plaintiff's § 1983 claim against him in his official capacity.

### b. Failure to State Claim

Defendant Hall asserts that the § 1983 claim should be dismissed because the allegations do not amount to an Equal Protection violation given the heightened pleading standard for § 1983 claims. Because Coller's § 1983 claim against Hall in his individual capacity has not been dismissed, the Court must address Plaintiff's argument.

A heightened pleading standard is applied to suits seeking § 1983 damages against government officials. *Edgington v. Missouri Dep't of Corrections*, 52 F.3d 777, 779–80 (8th Cir.1995). The pleading must contain enough specificity to give a defendant notice of the nature of the claim, so he can respond and move for judgment on the basis of qualified immunity if applicable. *Id.* at 779. Coller has alleged that Hall created a hostile work environment, (Complaint ¶ 26), made offensive comments of a sexual nature to her, and interfered with her job responsibilities. (Complaint ¶ 19(b)). The Complaint makes numerous allegations against Singer but only specifically references Defendant Hall as listed above. This is a close case and the Court must construe the Complaint in the light most favorable to the Plaintiff. *Coleman*, 40 F.3d at 258. Accordingly, the Court rejects Defendant Hall's argument and finds that this issue would be more appropriately addressed in a motion for summary judgment.

Defendant Singer also argues that Count II must be dismissed for failure to state a claim under the *Edgington* heightened pleading standard discussed above, as the allegations fail to constitute a violation of Plaintiff's equal protection rights. Plaintiff has alleged that Singer berated and criticized

her, removed her duties and responsibilities, made offensive sexual comments, imposed additional work, threatened her physically and emotionally, harassed other women, used female employees to find babysitters, and retaliated against her for filing a complaint. (Complaint ¶¶ 18–19, 23–32). Sexual discrimination by state employees violates the Fourteenth Amendment and is actionable under § 1983. *Stafford*, 835 F.Supp. at 1140. The Court finds that based on the above allegations, Plaintiff has met the burden under *Edgington* in alleging a violation of the Fourteenth Amendment against Singer and has, therefore, stated a claim under § 1983.

 Singer further argues that the allegations in Coller's § 1983 claim amount to a sexual discrimination claim which are appropriately remedied under Tide VII and MHRA, citing *Hervey v. City of Little Rock*, 787 F.2d 1223 (8th Cir.1986), in support. The court in *Hervey* held that the plaintiff could not enforce her "time-barred Title VII sex discrimination claim through Section 1983," stating that employment rights created by Title VII could not be enforced under § 1983. *Id.* at 1233. The court limited plaintiff's right to recovery under § 1983 to proving violation of Fourteenth Amendment equal protection rights. *Id.* State employees are permitted to bring a cause of action under both § 1983 and Title VII so long as the basis of the § 1983 claim is a right independent of the right created by Title VII. *Day v. Wayne County*, 749 F.2d 1199, 1205 (6th Cir.1984). *See also, Trigg v. Fort Wayne Community Schools*, 766 F.2d 299, 302 (7th Cir.1985) (state employees can use § 1983 and escape Title VII requirements). Plaintiff alleges violations of constitutional rights which are independent of rights created by Title VII. Accordingly, the Court denies Singer's Motion to Dismiss Count II against him.

### 4. Intentional Infliction of Emotional Distress

 Defendants Hall and Singer assert that the Court lacks subject matter jurisdiction for this state law claim based on the Eleventh Amendment. The Eleventh Amendment bars relief for an injunction or damages to parties bringing state law claims against state officials in federal court. *Pennhurst*, 465 U.S. at 106, 104 S.Ct. at 911; *Hughes v. Savell*, 902 F.2d 376, 378 (5th Cir.1990); *Gaston v. Colio*, 883 F.Supp. 508, 509–10 (S.D.Cal.1995); *Lilley v. Missouri*, 920 F.Supp. 1035, 1039–40 (E.D.Mo.1996). The prospective injunctive relief exception to the Eleventh Amendment is only available for violation of federal constitutional rights. *Pennhurst*, 465 U.S. at 102, 104 S.Ct. at 909. This claim is based on state law and, therefore, does not implicate a violation of federal rights. The Eleventh Amendment protection extends to state law claims against defendants sued in their official capacities. *Pennhurst*, 465 U.S. at 106, 104 S.Ct. at 911; *Taormina v. Calif. Dep't of Corrections*, 946 F.Supp. 829, 832–33 (S.D.Calif.1996) (citing *Pena v. Gardner*, 976 F.2d 469 (9th Cir. 1992)). *But see, Gaston*, 883 F.Supp. at 508. Neither Count IV of Plaintiff's Complaint nor her response to Defendants' motions state the capacity in which Defendants Hall and Singer are sued as to this claim. Where a complaint is silent as to capacity, the complaint shall be interpreted as "including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir.1995). Hence, the Court finds that Count IV is barred by the Eleventh Amendment.

### IV. Conclusion

In accordance with this Order, Plaintiff's claim for Title VII still remains against Defendant DED. Plaintiff's claim for § 1983 still remains against Defendant Hall in his individual capacity, and Plaintiff's claim for § 1983 remains against Defendant Singer in his official and individual capacities.

Accordingly, it is hereby ORDERED that Defendant DED's motions (Docs.# 11, 14) are GRANTED as to Counts II and III.

As to Defendant Hall's Motion to Dismiss (Doc. # 6), it is hereby ORDERED that the motion is GRANTED as to Counts I, II (official capacity), III and IV and DENIED as to Count II (individual capacity).

It is further ORDERED that Defendant Singer's Motion to Dismiss (Docs.# 8, 42) is

GRANTED as to Count I, III and IV and DENIED as to Count II.