Linda ROMAN, et al., Plaintiffs,

v.

CITY OF RICHMOND, et al.,
Defendants.

Wilbert GUILLORY, et al., Plaintiffs,

v.

CITY OF RICHMOND, et al.,
Defendants.

Nos. C–80–4702, C–82–0412.

United States District Court,
N.D. California.

Sept. 1, 1983.

Austin R. Gibbons, Walnut Creek, Cal., for plaintiffs.

John H. Scott, Cole & Scott, San Francisco, Cal., for defendants.

---

## OPINION AND ORDER

AGUILAR, District Judge.

On June 3, 1983, following a trial of approximately four months, the jury sitting in the consolidated trial of these lawsuits returned a 1.5 million dollar verdict against Richmond police officers Clinton Mitchell, Samuel Dudkiewicz, Chief of Police Leo Garfield and the City of Richmond for the shooting death by police officers of Johnny Roman. The jury also returned a 1.5 million dollar verdict against Richmond police officer Samuel Dudkiewicz, Deputy Chief of Police Ernest Clements, Chief of Police Leo Garfield and the City of Richmond for the shooting death by police officers of Michael Guillory. The lawsuit, brought by the heirs of each of the deceased men, alleged that each man had been deprived of life without due process of law in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

Defendants move for judgment notwithstanding the verdicts on both actions contending that recoveries under 42 U.S.C. section 1983 are barred where state law provides a meaningful and adequate remedy to redress the deprivation that has occurred. Defendants assert that the State of California's wrongful death statute provides such a meaningful and adequate remedy.

Defendants base their contention on the Supreme Court's decision in *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981). In that case, a prisoner brought a section 1983 action for deprivation of property without due process of law after prison officials negligently lost a hobby kit that the prisoner had ordered through the mail. The Supreme Court dismissed the prisoner's section 1983 claim holding that the deprivation of property cannot be considered to be without due process where state law provides a remedy adequate to redress the injury sustained. *Id.* at 535, 101 S.Ct. at 1912. The Court found that state procedures governing remedies for negligent loss of property by state officials provided the adequate remedy for the prisoner's loss.

It is the current trend for defendants in civil rights litigation to urge that *Parratt* precludes any section 1983 action where the injury sustained can be redressed under state law. The Supreme Court has not yet spoken on the scope of the application of its decision in *Parratt,* and lower courts have reached varying conclusions as to *Parratt's* breadth. The Ninth Circuit currently has conflicting decisions on *Parratt's* application. *Compare Rutledge v. Arizona Bd. of Regents,* 660 F.2d 1345, 1352 (9th Cir.1981), *aff'd on other grounds, Kush v. Rutledge,* —— U.S. ——, 103 S.Ct. 1483, 75 L.Ed.2d 413 (1983) *with Wakinekona v. Olim,* 664 F.2d 708 (9th Cir.1981), *rev'd on other grounds, Olim v. Wakinekona,* —— U.S. ——, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983).

Without coming to a precise determination as to the application of *Parratt* to all section 1983 claims, this Court is of the belief that the liberal application of *Parratt* urged by defendants in this case is inappropriate as it would virtually negate the existence of the section 1983 remedy. For example, under the interpretation of *Parratt* urged by defendants, a person who is deliberately and viciously assaulted by a police officer without cause would not be permitted to bring a civil rights claim

against that police officer because state remedies would permit a state tort action for assault against the officer. Many other commonly recognized civil rights violations, such as false imprisonments and arrests, could no longer be brought under section 1983 because of the availability of state tort remedies. The Court can envision few violations of rights that will not have some type of concomitant remedy in the state law. Accordingly, the Court rejects the broad interpretation of *Parratt* urged by defendants.

Even if the holding in Parratt could be deemed applicable to the deprivation of rights presented by plaintiffs in this case, the Court holds that state law does not provide an adequate remedy to redress the injuries sustained in these lawsuits. There are two bases for this finding.

■ First, the state wrongful death statute does not provide for injunctive relief; the Civil Rights Act does. *See* 42 U.S.C. § 1988. Injunctive relief is a very important part of the relief sought by plaintiffs in these cases.

■ Second, state wrongful death tort remedies do not fulfill the deterrent purpose of section 1983. A section 1983 action may be utilized for the purpose of deterring future governmental action that violates a person's civil rights. *Herrera v. Valentine,* 653 F.2d 1220, 1227 (8th Cir.1981). State wrongful death laws do not have deterrence as their purpose or even as a factor to consider in measuring damages. For example, punitive damages are not available. Plaintiffs in these lawsuits seek, as one aspect of relief, to deter defendants from future unconstitutional conduct. Thus, state remedies do not adequately redress the injuries sustained by the plaintiffs. As stated by the court in *Sager v. City of Woodland Park,* 543 F.Supp. 282, 295 (D.Colo.1982): "[I]n the § 1983 context State law is generally inhospitable and therefore inconsistent with Federal law where the State law significantly restricts the deterrent and compensatory policies underlying § 1983."

■ A further reason that defendants' assertion of the theory of the exclusivity of the state remedy is without merit is that defendants did not raise their contention sufficiently early in the proceedings. The Supreme Court's decision in *Parratt* has been law since 1981. If defendants believed that it precluded a section 1983 action where there has been a death, defendants should have brought a motion to dismiss before the trial commenced. They have therefore waived any objection to plaintiffs' section 1983 action.

For all of the above reasons, defendants' contention that the section 1983 judgments must be vacated, and judgments entered in their favor, is without merit.

Defendants next contend that even if plaintiffs can properly receive judgments on their section 1983 actions, a new trial is still required because plaintiffs recovered damages representing a sum intended to have the effect of deterring defendants from future constitutional violations. Defendants assert that plaintiffs are limited in their recoverable damages to those damages provided by state law for an unlawful death. Therefore, since plaintiffs sue as the heirs of the decedents, they are limited to those damages recoverable under a California wrongful death action, *i.e.,* pecuniary loss resulting from the death, and damages representing loss of society, comfort, care and protection. *See* Cal.Civ.Code Proc. § 377(a); *Krouse v. Graham,* 19 Cal.3d 59, 67, 137 Cal.Rptr. 863, 562 P.2d 1022 (1977).

■ The jury was instructed that it could consider the need to deter and prevent abuses by municipal officers that cause deprivations of constitutional rights in awarding damages. In the damages portion of his closing argument, plaintiffs' counsel stressed the need to award damages to deter defendants from future constitutional violations involving excessive force against the citizens of Richmond.[1]

42 U.S.C. section 1988 provides that the damages recoverable for a violation of 42

---

1. Plaintiffs' argument that defendants cannot receive a new trial for an alleged improper

award of deterrent damages because it cannot be determined whether the jury did in fact

U.S.C. section 1983 are to be awarded with reference to applicable state law, unless that state law is inconsistent with the Constitution and laws of the United States. However, where damages permitted by state law do not sufficiently fulfill the purposes of section 1983, the state law is inconsistent with the Constitution and laws of the United States, and state remedies are not exclusive. In such a case the court may fashion an appropriate remedy that will fulfill the purposes of section 1983. *See Guyton v. Phillips,* 532 F.Supp. at 1167. The Court concludes in the present case that as state law does not provide damages for deterrence where a deprivation of life has occurred and as damages to deter future constitutional violations is an appropriate remedy where an unconstitutional deprivation of life has occurred, that state law is inconsistent with the Constitution and laws of the United States because it does not fulfill this essential deterrent purpose of section 1983 in deprivation of life cases. Therefore, the award of damages by the jury to deter defendants from future unconstitutional conduct was proper.

■ As previously discussed, deterrence of future constitutional violations is an important function of a section 1983 action. *Herrera v. Valentine,* 653 F.2d at 1227. An additional basis for deterrence has been recognized in section 1983 cases involving deprivations of life. Actual damages where a death has resulted from the use of excessive force is generally quite limited. However, where the use of excessive force results only in injury, actual damages can be great because of the need for medical treatment and rehabilitation. Where a defendant is required to bear a greater economic loss where he injures a person by the use of excessive force than when he kills the person, the result is a tacit authorization that the actor should inflict excessive force to the point of death. Life is the greatest and most cherished of all rights, and therefore such a result cannot be countenanced. Thus, courts must fashion a remedy to pre-

vent this result; an award of damages to deter such an unconstitutional use of force is appropriate. Accordingly, in *Guyton v. Phillips,* 532 F.Supp. 1154, 1167 (N.D.Cal. 1981), the Court found that deterrent damages should be awarded so that a police officer who uses excessive force will not suffer a harsher penalty for injuring or maiming a victim rather than killing the victim. *And see Sager v. City of Woodland Park,* 543 F.Supp. 282, 293 (D.Colo.1982).

■ California law governing damages recoveries for unlawful deaths does not provide .for damages to deter the defendant from future unlawful conduct. Although punitive damages are recoverable in a survival action, these damages are limited to the punitive damages the decedent would have been entitled to recover had he lived, Cal.Probate Code § 573, and bear no relationship to the fact of the death. Furthermore, punitive damages have as their purpose punishment, and not deterrence.

Damages representing the deterrence of defendants in the present deprivation of life cases from future unconstitutional conduct is necessary to fulfill the purposes of section 1983. Such damages cannot be awarded under applicable state law. Therefore, state law is inconsistent with the Constitution and laws of the United States, and plaintiffs are not limited to the damages provided by state law. Deterrent damages are an appropriate remedy in the present cases, and were properly awarded by the jury.

Defendants alternatively contend that even if deterrent damages can be awarded in section 1983 deprivation of life cases, plaintiffs herein cannot recover such damages because they brought these actions as heirs of the decedents, rather than on behalf of the decedents' estates. Defendants assert that only the estates, and not the heirs, have standing to recover deterrent damages for deprivation of life.

■ The purpose for awarding deterrent damages in section 1983 deprivation of life

decide to award such damages from the general verdict form, which was submitted by defendants, is without merit. The high amount of the damages awards, and plaintiffs' counsel's em-

phasis on damages for deterrent purposes, compel the conclusion that deterrent damages formed a major part of the jury's damages awards.

cases has no relationship to whether the estate or the heirs bring the lawsuit. Deterrent damages are awarded to deter future constitutional violations and to deter encouraging death over injury. This essential purpose of section 1983 cannot be made to depend upon the entity bringing the deprivation of life lawsuit.

Even if the estate were the only proper plaintiff to recover deterrent damages, the damages are still appropriately awarded in this case. The theory of plaintiffs' case throughout pre-trial and trial proceedings was that the unconstitutional violations were to the rights of the two young men killed. Plaintiffs sought deterrent damages to redress *these* violations. The Court will not exalt form over substance. The damages awarded by the jury to deter future constitutional violations by defendants were proper.

Good cause appearing therefor, it is hereby ordered that defendants' motion for judgments notwithstanding the verdicts [2] is denied.

See also, D.C., 565 F.Supp. 949.

---

**2.** In another Opinion and Order filed concurrently herewith, the Court ruled on the remainder of defendants' contentions in support of their motions for judgment notwithstanding the verdicts, and on defendants motions for new trial and for reduction in the damages awards.