Martha M. GASTON, et al., Plaintiffs,

v.

F. COLIO, et al., Defendants.

Civ. No. 94–1351–B(POR).

United States District Court,
S.D. California.

March 8, 1995.

Anthony Da Silva, for defendants.

Sheila A. Reid, for plaintiffs.

## ORDER GRANTING IN PART AND DE- NYING IN PART DEFENDANTS' MOTION TO DISMISS

BREWSTER, District Judge.

On March 1, 1995, the above captioned matter came on regularly for hearing before the Honorable Rudi M. Brewster. Defendants were represented by Anthony Da Silva, Esq. Plaintiffs were represented by Sheila A. Reid, Esq. via telephone conference call. After due consideration of the papers filed both in support of and in opposition to defendant Prunty's and defendant Gomez's motions to dismiss, as well as all relevant evidence, the Court hereby GRANTS moving defendants' motions to dismiss as to the pendent claims and DENIES moving defendants' motions to dismiss as to the § 1983 claims.

■ In this case plaintiffs seek damages arising from the death of Robert Doyle Moore ("decedent"), who was allegedly shot by a correctional officer during an altercation in his cell in Calipatria State Prison. Plaintiffs' complaint alleges causes of action under 42 U.S.C. § 1983 as well as state law causes of action.

The Court finds that the complaint adequately alleges a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Redman v. County of San Diego,* 942 F.2d 1435, 1446–47 (9th Cir.1991), *cert. denied,* 502 U.S. 1074, 112 S.Ct. 972, 117 L.Ed.2d 137 (1992). The Court recognizes that the Ninth Circuit requires a heightened pleading standard in actions where subjective intent is an element of a constitutional tort. *Branch v. Tunnell,* 937 F.2d 1382, 1386 (9th Cir.1991). The Court finds the allegations of the complaint are sufficiently particular to satisfy this standard. Defendants' motions to dismiss are denied as to the § 1983 claims.

■ Defendants argue that plaintiffs' state law causes of action are barred by the Eleventh Amendment. Plaintiffs respond to this argument by citing *Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), in which the Supreme Court unanimously held that the Eleventh Amendment does not bar § 1983 actions against state officials sued in their personal capacities. Plaintiffs' argument misses the point. It is true that the Eleventh Amendment does not bar § 1983 actions against state officials in their personal capacities. *Hafer, supra,* at 31, 112 S.Ct. at 365. However, the Eleventh Amendment remains a bar to pendent state law claims against state officials sued in their personal capacities for actions taken in their official capacity when the ultimate judgment would expend itself on the state treasury, even though the state may not be named as a defendant. *See Pennhurst State School and Hosp. v. Halderman,* 465 U.S. 89, 117–121, 104 S.Ct. 900, 917–919, 79 L.Ed.2d 67 (1984). The distinction marks the dividing line in the effort to harmonize the principles of the Eleventh Amendment with the effective supremacy of federal law. A § 1983 action against state officials in their personal capacity alleging a violation of rights secured by the U.S. Constitution, is not considered an action against the state because the acts performed by the official could not have been authorized by the state since they violate federal law. *See Pennhurst, supra,* at 102,

104 S.Ct. at 908–909 (citing *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). On the other hand, an action against state officials on the basis of state law in federal court does not present the same conflict; the question of federal law supremacy is not presented when the matters to be resolved are state law claims. "On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst, supra,* 465 U.S. at 106, 104 S.Ct. at 911. Defendants' motions to dismiss are granted as to plaintiffs' fifth, sixth, and seventh causes of action which allege state law causes of action.

■ Alternatively, defendants' motions to dismiss plaintiffs' seventh cause of action is granted on the basis that it fails to state a cause of action under California Civil Code §§ 52 or 52.1. Cal.Civ.Code § 52 imposes liability for damages to anyone in violation of §§ 51, 51.5, or 51.7. Section 51 prohibits discrimination in business establishments on the basis of sex, race, color, religion, ancestry, national origin, or disability. Section 51.5 prohibits all arbitrary discrimination by business establishments. Section 51.7 protects against violence or intimidation on the basis of race, color, religion, ancestry, national origin, political affiliation, sex, sexual orientation, age, disability, or position in a labor dispute. Although "business establishment" for the purposes of §§ 51 and 51.5 is used in the broadest sense reasonably possible,[1] plaintiffs cite no authority, nor any reasonable argument, that a state prison qualifies as a "business establishment" for the purposes of the statute. Moreover, the complaint does not allege any arbitrary discrimination against the decedent on the basis of race or any other classification.

A recent California state court has held that § 52.1 must be read in conjunction with the rest of the Bane Act. *Boccato v. City of Hermosa Beach,* 29 Cal.App. 4th 1797, 1809, 35 Cal.Rptr.2d 282 (1994). Such a reading requires that acts of discrimination sought to be remedied by the entirety of the Act must

be alleged in the complaint in order to state a cause of action under Cal.Civ.Code § 52.1. *Id.* at 1809, 35 Cal.Rptr.2d 282. Based on this California precedent, plaintiffs' seventh cause of action is dismissed because there are no allegations of discrimination in the complaint. Moreover, the Court notes that a straightforward reading of § 52.1(b) ("any individual whose exercise and enjoyment of rights secured by the Constitution or laws … has been interfered with … may institute and prosecute in his or her own name and on his or her own behalf …" suggests that plaintiffs in the present case are not among those enabled to bring a cause of action under § 52.1(b) because plaintiffs were not the one whose rights were allegedly violated. *See Rose v. City of Los Angeles,* 814 F.Supp. 878, 883 (C.D.Cal.1993) (court suggested this interpretation but ultimately declined to exercise supplemental jurisdiction over this claim because state court was the proper forum to resolve the issue).

Defendants' motions to dismiss are GRANTED as to the state law claims (fifth, sixth, and seventh causes of action); defendants' motions to dismiss are DENIED as to the § 1983 claims.

IT IS SO ORDERED.

---

1. *See O'Connor v. Village Green Owners Assn.,* 33 Cal.3d 790, 795, 191 Cal.Rptr. 320, 662 P.2d 427 (1983).