**Charles Earl TAORMINA, Plaintiff,**

v.

**CALIFORNIA DEPARTMENT OF CORRECTIONS, Officer O.C. Hailey, Lieutenant Gonzales, Officer Harris, Officer A.B. Gervin and Does I through 20, Defendants.**

No. 95–4042–B (RBB).

United States District Court,
S.D. California.

Nov. 27, 1996.

fices which proposed this amendment to § 6254.

Albert G. Stoll, Jr., San Francisco, CA, for plaintiff.

Daniel E. Lungren, George Williamson, Barbara Spiegel, Anthony De Silva, San Diego, CA, for defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(6)

BREWSTER, District Judge.

### I. Background

Plaintiff, Charles Earl Taormina (Taormina), while an inmate at Centinela State Prison, was shot by a correctional officer during a fight with a fellow inmate. His left leg was amputated as a result of the wound he received. Plaintiff alleges that defendants used excessive force in shooting him and failed to adequately treat his gunshot wound.

Plaintiff filed a civil rights complaint on December 29, 1995, stating causes of action under 42 U.S.C. § 1983 and California state law. In response, defendant California Department of Corrections (CDC) has moved to dismiss the complaint on the grounds that it is not a proper party to the lawsuit. Defendants Lieutenant Gonzales, Officer Hailey, and Officer Gervin have moved to dismiss the state law causes of action on the grounds that they are barred by the Eleventh Amendment. Defendant Officer Harris has moved to join as a party to the motion to dismiss, under Rule 20(a).

Plaintiff opposes the dismissal of the state law causes of action against defendants Gonzales, Hailey, Harris and Gerwin on the ground that the state law causes of action were brought against those defendants in their individual, as opposed to official, capacities.

### II. Discussion

### A. CDC is not a proper party to this action

#### 1. First Cause of Action

The first cause of action in the complaint, alleging excessive force and violation of plaintiff's federal constitutional rights, against de-

fendant CDC is brought under 42 U.S.C. § 1983. (Complaint pp. 8–9).

A plaintiff in a section 1983 action must establish two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived claimant of rights secured by constitutional or federal law. *Hammer v. Gross*, 884 F.2d 1200, 1203 (9th Cir. 1989); *Rinker v. Napa County*, 831 F.2d 829, 831 (9th Cir.1987).

■ A state is not a "person" within the meaning of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65–66, 109 S.Ct. 2304, 2309–2310, 105 L.Ed.2d 45 (1989). Furthermore, agencies and subdivisions of a state are not "persons" within the meaning of § 1983. State subdivisions are therefore not subject to suit under § 1983. *Id.* at 70, 109 S.Ct. at 2311–12 (this limitation also extends to "arms of the state"); *see Hale v. State of Ariz.*, 993 F.2d 1387, 1388 (9th Cir.), *cert. denied*, 510 U.S. 946, 114 S.Ct. 386, 126 L.Ed.2d 335 (1993) (holding that the Arizona Department of Corrections is not a "person" within the meaning of § 1983).

Since the CDC is not a "person" within the meaning of section 1983, the CDC's motion to dismiss the first cause of action is GRANTED.

### 2. Fourth Cause of Action for Liability based upon *Monell v. Dept. of Social Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Defendant CDC also moves to have the plaintiff's fourth cause of action dismissed. That cause of action alleges that the individual defendants injured plaintiff as a result of an "illegal policy, pattern, practice and custom" sanctioned by the CDC. (Complaint § 73). The CDC is the only defendant to the fourth cause of action.

This cause of action is based upon *Monell v. Dept. of Social Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *Monell* provides for civil liability for municipalities, however, it did not change the settled prior law that states and their agencies are not persons for § 1983 purposes. In fact, in *Will*,

Justice White distinguished *Monell* as involving local governments.

[I]t does not follow that if municipalities are persons so are states. States are protected by the Eleventh Amendment while municipalities are not.

*Will*, 491 U.S. at 70, 109 S.Ct. at 2311–12 (*citing Monell*, 436 U.S. at 690, n. 54, 98 S.Ct. at 2035, n. 54).

■ The holding in *Monell* is limited "to local government units which are not considered part of the state for Eleventh Amendment purposes." *Monell*, 436 U.S. at 690, n. 54, 98 S.Ct. at 2035, n. 54. The CDC is a state government agency. Thus, the fourth cause of action is not applicable to the CDC, and the CDC's motion to dismiss is, therefore, GRANTED.

### 3. Second and Sixth Causes of Action (negligence and negligence per se).

In addition to the first and fourth causes of action, the second (negligence) and sixth (negligence per se) causes of action are also alleged against the CDC. (Complaint pp. 9–14). The CDC does not directly address these causes of action, however, they are barred by the Eleventh Amendment. The United States Supreme Court has held that "the Eleventh Amendment bars suits [in Federal court] against a state by citizens of the same state...." *Papasan v. Allain*, 478 U.S. 265, 276, 106 S.Ct. 2932, 2939, 92 L.Ed.2d 209 (1986); (*citing Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890)). "In the absence of consent, a suit in which the state or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 907–08, 79 L.Ed.2d 67 (1984).

No consent has been given by the state or the CDC to be sued under the second or sixth causes of action. The plaintiff himself acknowledges that the "CDC should be dismissed from this complaint for not being a proper party." (Plaintiff's Opp.Memo. p. 2). Therefore, the CDC's motion to dismiss these claims is GRANTED.

## B. State Causes of Action Against Individual Defendants O.C. Hailey, Lieutenant Gonzales, Officer Harris, and Officer A.B. Gervin.

### 1. The Eleventh Amendment does not bar plaintiff's claims.

Plaintiff's second (negligence), third (assault/battery), fifth (interference with statutory and constitutional rights), and sixth (negligence per se) causes of action are based on California state law and regulations. A district court may adjudicate state law claims which are transactionally related to federal claims. 28 U.S.C. § 1367(a).

Defendants assert that the state law causes of action should be dismissed because they are barred by the Eleventh Amendment. (Defendant's Memo. pp. 4–8). Defendants cite this Court's opinion in *Gaston v. Colio,* 883 F.Supp. 508, 509 (S.D.Cal.1995) [1] to support their position that the state law claims are barred by the Eleventh Amendment. (Defendant's Memo. p. 7). In that case, while dismissing the pendant state law claims, the Court stated that

> [T]he Eleventh Amendment remains a bar to pendant state law claims against state officials sued in their *personal* capacities for actions taken in their official capacity when the ultimate judgment would expend itself on the state treasury, even though the state may not be named as a defendant.

*Id.* at 509 (*citing Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984)).

Plaintiff argues that the Eleventh Amendment does not apply when state officials are sued in their individual capacities, as the complaint in this case alleges. (Complaint §§ 5–8). Ninth Circuit law contradicts the Court's conclusion in *Colio* that the Eleventh Amendment bars suits against state officers in their individual capacities for actions taken in their official capacities.

Plaintiff cites *Pena v. Gardner,* 976 F.2d 469 (9th Cir.1992),[2] to support his position that the Eleventh Amendment does not apply when the correctional officers are sued in their individual capacities. In *Pena,* while holding that the state law claims were *not* barred by the Eleventh Amendment, the court stated

> In *Pennhurst II,* the Supreme Court held that the eleventh amendment bars suits in federal court ... brought against state officials acting in their *official* capacities alleging a violation of state law. [citation]. The Court distinguished the situation where a plaintiff brings a suit against a state official acting in his *individual* capacity.

*Id.* at 473 (*citing Pennhurst II,* 465 U.S. 89, 111, 104 S.Ct. 900, 913–14, 79 L.Ed.2d 67 (1984)).

The Ninth Circuit, in *Pena,* further noted that

> We have interpreted *Pennhurst II* to mean that "the eleventh amendment does not bar a suit seeking damages against a state official personally."

*Id.* (*citing Demery v. Kupperman,* 735 F.2d 1139, 1149 n. 8 (9th Cir.1984), *cert. denied,* 469 U.S. 1127, 105 S.Ct. 810, 83 L.Ed.2d 803 (1985)).

Both *Pena* and *Colio* involved prisoner suits under state law against state prison officials for injuries suffered in prison. One distinction is that *Colio* held that 11th Amendment immunity applies when the judgment will inevitably come out of the state coffers, (*Colio,* 883 F.Supp. 508, 509), while *Pena* held that 11th Amendment immunity does not extend to suits against prison officials in their individual capacity without discussing whether a judgment would be paid by the individual officers or by the state.

However, in *Ronwin v. Shapiro,* 657 F.2d 1071 (9th Cir.1981), the Ninth Circuit addressed the issue of whether or not state

---

**1.** In *Colio,* a civil rights suit under § 1983 and pendant state law claims were asserted against state prison officials in their personal capacities arising from the death of a state inmate who was shot by correctional officers during an altercation in a cell. *Colio,* 883 F.Supp. 508.

**2.** In *Pena,* an inmate sued state prison officials under § 1983 and pendant state law claims, alleging that he was given a digital rectal search without probable cause. *Pena v. Gardner,* 976 F.2d 469 (9th Cir.1992).

indemnification statutes could extend Eleventh Amendment protection to state officers sued in their individual capacities.[3] In *Ronwin*, the court held that state officials sued in their individual capacities were not protected from suit by the 11th Amendment even if the state would pay any judgment pursuant to an indemnity agreement or statute.

> From the evidence introduced in the district court we might conclude that if the *Arizona Law Review* as an entity had been sued it would be protected by eleventh amendment immunity. [citations]. Ronwin is suing the defendants individually, however; he is not suing the Law Review. Dickenson and Shapiro are not like the Board of Regents in that the state will have to pay the judgment if it is to be paid at all. Ronwin might attempt to satisfy any judgment from Dickenson and Shapiro personally. Funds from the State of Arizona are potentially involved in this case only if the state has voluntarily assumed the obligation of covering such risks under its indemnification program. We agree with Professor Tribe that "a state should not be able to turn a purely intramural arrangement with its officers into an extension of sovereign immunity." [citation] ... We conclude that Dickenson and Shapiro are not protected by eleventh amendment immunity because the claim against them does not constitute a suit against the State of Arizona.

*Id.* at 1074.

Therefore, the *Ronwin* court stated the principle that a state cannot extend the umbrella of Eleventh Amendment protection to officers who are sued in their individual capacities by merely passing a statute which indemnifies the officers for any judgment against them. This serves the dual purposes of (1) compensating injured individuals for the ultra vires acts of state officials, and (2) deterring state officials from acting ultra vires.

■ Therefore, notwithstanding the ruling in *Colio, Pena* and *Ronwin* compel a finding that Eleventh Amendment immunity does not apply to state officers sued in their individual capacities. For this reason, the individual defendants' motions to dismiss the second, third, and sixth causes of action are DENIED.

## 2. Fifth Cause of Action (interference with statutory and constitutional rights)

Plaintiff's fifth cause of action (interference with statutory and constitutional rights) is premised on the Banes Act, Cal.Civ.Code section 51 et seq. (Complaint p. 12). Cal.Civ. Code § 52 imposes liability for damages on anyone who violates §§ 51, 51.5, or 51.7. Section 51 prohibits discrimination in business establishments on the basis of sex, race, color, religion, ancestry, national origin, or disability. Section 51.5 prohibits all arbitrary discrimination by business establishments. Section 51.7 protects against violence or intimidation in labor disputes. Although "business establishment," for the purposes of §§ 51 and 51.5, is used in the broadest sense reasonably possible,[4] plaintiffs cite no authority, nor make any reasonable argument, that a state prison qualifies as a "business establishment" for the purposes of the statute.

In *Colio*, this Court ruled that the plaintiff's Banes Act claim must be dismissed because he did not show that a prison was a "business enterprise", and did not allege discrimination in his complaint. *Colio*, 883 F.Supp. 508, 510. In the instant case, plaintiff alleges discriminatory treatment in his complaint, (Complaint, § 76, p. 12), however, he fails to show, or even argue, that a prison is a business enterprise within the meaning of Cal.Civ.Code § 51 et seq.

While interpreting section 51, the California Court of Appeals has stated

> The word "business" embraces everything about which one can be employed, and it is

---

3. In *Ronwin,* plaintiff brought libel and defamation charges against the Board of Regents of University and State Colleges of Arizona and student members of the Arizona Law Review. *Ronwin,* 657 F.2d 1071.

4. *See O'Connor v. Village Green Owners Assn.,* 33 Cal.3d 790, 795, 191 Cal.Rptr. 320, 662 P.2d 427 (1983) (holding that a nonprofit homeowners association is a "business establishment" under Cal.Civ.Code section 51).

often synonymous with calling, occupation or trade, engaged in for the purpose of making a livelihood or gain.

*O'Connor v. Village Green Owners Assoc.,* 33 Cal.3d 790, 795, 191 Cal.Rptr. 320, 662 P.2d 427 (1983). According to this test, a prison does not qualify as a "business" because prisoners are not engaged in a calling, occupation or trade for purposes of making a livelihood or gain. Rather, they are incarcerated by the state because of crimes which they have committed.

Based upon this Court's ruling in *Colio,* and the California court's analysis of the definition of "business" in *O'Connor,* a prison does not qualify as a business entity under Cal.Civ.Code section 51. For this reason, defendant's motion to dismiss the fifth cause of action is GRANTED without leave to amend.

### III. Conclusion

Based upon the above reasons, the CDC is not a proper party to this action. Therefore, defendant CDC's motion to dismiss is GRANTED as to this entire lawsuit.

Defendants Gonzales, Hailey, Gervin and Harris' motion to dismiss the state law causes of action is DENIED. The Ninth Circuit has held that the Eleventh Amendment does not bar suit against state officers in their individual capacity, even when the state has arranged to indemnify such officers for any liability.

Finally, the individual defendants' motion to dismiss plaintiff's fifth cause of action because it fails to state a claim under Cal.Civ. Code § 51 et seq is GRANTED because a prison does not qualify as a business establishment for purposes of Cal.Civ.Code § 51.

IT IS SO ORDERED.