132 F.3d 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Earl TAORMINA, Plaintiff-Appellee,
v.
CORRECTIONS DEPARTMENT, STATE OF CALIFORNIA, Defendants-Appellants.
 No. 97-55108.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1997.**
Decided Dec. 15, 1997.
 
 1
 Appeal from the United States District Court for the Southern District of California, No. CV-95-04042-RMB Rudi M. Brewster, District Judge, Presiding.
 
 
 2
 Before: BRIGHT,*** FLETCHER, and NELSON, JJ.
 
 
 3
 MEMORANDUM*
 
 
 4
 Defendants/Appellants, correctional officers at Centinela prison, appeal the district court's refusal to dismiss the state law claims brought against them by a prisoner, Charles Taormina. Defendants claim that the district court does not have jurisdiction to consider Taormina's state law claims against them because such claims are barred by the Eleventh Amendment. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 FACTS AND PROCEDURAL HISTORY
 
 5
 Plaintiff/Appellee Charles Taormina brought an action against the California Department of Corrections (CDC) and four correctional officers for injuries he suffered when he was shot by one of the correcticnal officers during an altercation with another prisoner at the Centinela State Prison in California. As a result of that injury, and allegedly as a result of improper medical care, Mr. Taormina's left leg was amputated.
 
 
 6
 Taormina brought suit under 42 U.S.C. § 1983, and for various state law violations. The individual defendants moved to dismiss the state law causes of action on the grounds that such claims are barred by the Eleventh Amendment. The district court dismissed one of the state law claims against the individual defendants, but refused to dismiss the remaining state law claims, because the correctional officers had been sued in their individual, not official capacities.
 
 ANALYSIS
 I. Jurisdiction
 
 7
 The district court had jurisdiction over the federal claims under 28 U.S.C. § 1343 and 42 U.S.C.1983. It had jurisdiction of the state law claims under 28 U.S.C. § 1367.
 
 
 8
 Defendants are appealing a denial of their motion to dismiss which is ordinarily not considered a final order for purposes of appellate jurisdiction pursuant to 28 U.S.C. § 291. However, denial of a claim of Eleventh Amendment immunity is immediately appealable. See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 147 (1993) (holding that the denial of a claim of Eleventh Amendment immunity falls into the small group of cases in which a judgment that is not otherwise final will be immediately appealable).
 
 II. Eleventh Amendment Immunity
 
 9
 Immunity under the Eleventh Amendment is a question of law reviewed de novo. Micomonaco v. Washington, 45 F.3d 316, 319 (9th Cir.1995).
 
 
 10
 The Eleventh Amendment bars federal courts from hearing pendent state claims brought against state officers who are sued in their official capacities. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984). Pennhurst explicitly left open the question raised in this appeal--whether federal courts may hear pendent state claims where state officers are sued in their personal capacities. Id. at 111,
 
 
 11
 In Pena v. Gardner, 976 F.2d (9th Cir.1992), we answered that question and he held that, "the eleventh amendment will not bar pendent state claims by [plaintiff] against state officers acting in their individual capacities". Id. at 474.
 
 
 12
 Until recently, It was not clear how to determine whether a suit brought against a state officer was a "personal capacity" or an "official capacity" suit.[1] That question was settled by this court in Ashker v. California Dep't of Corrections, 112 F.3d 392 (9th Cir.), cert. denied, 118 S.Ct. 168 (1997).
 
 
 13
 In Ashker, a prisoner sued a correctional officer and prison physician under 42 U.S.'C. § 1983, and under state law for assault and battery and medical malpractice. After acknowledging the holding of Pena as binding, we noted:
 
 
 14
 We have not previously decided, however, how we determine whether a suit against a state officer is a "personal capacity" or an "official capacity" suit.
 
 
 15
 The Supreme Court's decision in Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.ED.2d 301 (1991) guides us in answering this question ... The Court stated, "[t]he phrase 'acting in their official capacities' is best understood as a reference to the capacity in which the state officer is sued, not the capacity in which he officer inflicts the alleged injury."
 
 
 16
 Id. at 395 (footnote omitted).
 
 
 17
 The court in Ashker went on to conclude that because the prisoner's complaint alleged that each defendant was being sued "individually and in his/her official capacity," the prisoner had sued the defendants in their personal capacities, or in the alternative, in their official capacities. Accordingly, we held that Ashker's suit was not barred by the Eleventh Amendment in so far as the suit was brought against the officers in their individual capacities. 11.2 F.3d at 395. Plaintiff's alternative claim against the defendants in their official capacities was barred. Id. at 395 n. 3.
 
 
 18
 The case at hand is very similar and the result is dictated by our holding in Ashker. Taormina explicitly sued each defendant in his personal capacity. As such, the district court is not barred by the Eleventh Amendment from hearing plaintiff's state law claims.
 
 
 19
 We also note that Taormina's state law claims are based on assault, negligence, and negligence per se, and damages, not an injunction, have been sought. That is, the suit against the individual defendants does not seek to bind the CDC in any way in the future. See, e.g., Ashker, 112 F.3d at 394 (citing Pennhurst and noting that where the relief sought would "directly impact" the state itself, the state and not the individual defendants is the real party in interest, and Eleventh Amendment immunity would be appropriate).
 
 
 20
 Defendants argue that Ashker does not govern the result of this case. They claim that: (i) Ashker was wrongly decided; (ii) other Ninth Circuit precedent suggests a different result, and (iii) Fifth Circuit precedent suggests a different result.
 
 
 21
 We decline appellants' invitation to revisit the decision of Ashker, nor do we have the authority to do so. It is the law of this circuit.
 
 
 22
 Nor do we agree that other Ninth Circuit precedent conflicts with Ashker, or would lead to a different result. Defendants assert that Air Transport Ass'n of America v. Public Utilities Comm'n of the State of California, 833 F.2d 200 (9th Cir.1987) and Han v. U.S. Dep't of Justice 45 F.3d 333 (9th Cir.1995) stand for the proposition that state officials may never be sued in federal court for state law violations. These cases do not stand for that proposition.
 
 
 23
 In Air Transport, this court held that members of a California state commission who were being sued for promulgating regulations, allegedly in violation of state statutory jurisdiction for promulgating such regulations, could not be sued in federal court. 833 F.2d at 204. The commission members were not being sued in their individual capacities. Also, the relief sought, repeal of the regulations, would have directly impacted the state, not the commission members as individuals.
 
 
 24
 In Han, the court did state that, "We are barred by the Eleventh Amendment from deciding claims against state officials based solely on state law." 45 F.3d. at 339 (citing Pennhurst, 465 U.S. at 106). In Han, however, we were confronted with a claim brought against state officers being sued in their official capacities, so that statement must be read in the context of the situation with which the court was confronted.[2] The Han court also explicitly stated, "The Eleventh, Amendment does not bar a suit seeking damages against a state official in his individual capacity." Id. at 333. Thus, neither of these cases directly conflicts with, or suggests a result that would differ from that suggested by Ashker,[3]
 
 
 25
 Finally, we disagree with appellants' suggestion that this court should follow the Fifth Circuit's decision in Hughes v. Savell, 902 F.2d 376 (5th Cir.1990). Hughes is not binding on this circuit and sets forth a narrow holding that is not applicaole to the case at hand.[4]
 
 CONCLUSION
 
 26
 The district court correctly held that when officers of the state are sued in their individual capacities, the Eleventh Amendment it does not bar federal courts from reviewing state law claims brought against them. Each defendant in this action was sued in his individual capacity, Accordingly, the decision of the
 
 
 27
 We also reject defendants' argument that like Louisiana, California does not recognize an individual negligence action against a prison guard. In fact, the California statute explicitly states that while a public entity in California may not be sued for injuries to prisoners, "[n]othing in this section [of the statute pertaining to prisoners] exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission." Cal Gov't Code § 844.6 (1997). district court is AFFIRMED, and the case is remanded to the district court for further action.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(b); 9th Cir. R. 34-4
 
 
 **
 * The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 This issue wasn't reached in the majority opinion in Pena because the individual defendants in Pena conceded that they were being sued in their personal capacities. 976 F.2d at 473
 
 
 [2]
 In Han, the state officials had been joined as defendants for their role in approving the lease agreements that were the focus of the litigation. 45 F.3d at 336 Defendants included the state of Hawaii, the Hawaiian Homes Commission, and several other state officials
 
 
 [3]
 Defendants also cite a district court opinion to bolster their assertion. In Gaston v. Colio, 883 F.Supp. 508 (S.D.Cal.1995), the court barred a prisoner's state law claims against correctional officers even though the correctional officers had been sued in their individual capacities. The court's reasoning appears to be two-fold. On the one hand, it appears that the court would bar state actions against individual defendants when the state is the party that would ultimately be responsible for paying damages. Id. at 509. On the other hand, the court seems to suggest that any state law claim against state officials would be barred in the federal courts. Id, at 510. Either holding, however, would conflict with Ashker
 
 
 [4]
 In Hughes, the court held that a prisoner's state law claim of negligence against a prison guard was barred by the Eleventh Amendment. This was so because under Louisiana law, "In order for [plaintff] to plead a cause of action for [defendant's] negligence, [plaintiff] must sue [defendant] as an agent of the state." Id. at 379 (emphasis added). In other words, Louisiana law "does not recognize an individual negligence action against [defendant] ." Id. at 379 n. 5 (emphasis in original). Therefore, the only negligence action against a prison guard that a prisoner might pursue under Louisiana law would be an action against the guard in his or her official capacity